UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY KATZMAN,

    Plaintiff,

v.                                                        CASE NO. 8:17-cv-2107-T-23AEP

COMPREHENSIVE CARE
CORPORATION,

    Defendant.
_____/

**ORDER**

    Five and a half year ago in the Circuit Court for Hillsborough County, Jerry Katzman sued Comprehensive Care Corporation, a Florida citizen, for breach of contract. After protracted litigation (the state-court docket shows more than four hundred entries), the state court in March 2017 entered an $866,052.83 judgment for Katzman.[1] According to Katzman, Comprehensive Care refused to satisfy the judgment and participate in post-judgment discovery, which refusal prompted Katzman to initiate in the state court a supplemental proceeding under Section 56.29, Florida Statutes.

    According to Katzman's motion for a supplemental proceeding, Comprehensive Care owns shares in Pharmacy Value Management Solutions. Also, Comprehensive Care continues to litigate a claim against Universal Health Care in

---

[1] An appeal pends in the Second District Court of Appeal. (Case no. 12-CA-2570)

another action; Katzman attributes "significant value" to the claim. Katzman requests that the state court declare that Katzman owns both the shares and the Universal claim. Alternatively, Katzman asks the state court to "place Compcare in a receivership" and to direct the liquidation of assets sufficient to satisfy the judgment. On July 12, 2017, the state court scheduled a September 6, 2017 hearing on Katzman's motion.

The week before the hearing, Sherfam, a Canadian corporation, moved in the state court to intervene and to delay the hearing. According to the motion, Sherfam lent more than $2,000,000 to Comprehensive Care between 2011 and 2015. In the motion, Sherfam claims in the Pharmacy Value shares a perfected security interest superior to Katzman's interest. Finally, Sherfam's motion asserts that Comprehensive Care assigned the Universal claim to Sherfam before the judgment.

On August 29, the state court granted Sherfam's motion to intervene but denied the request to continue the hearing. Sherfam renewed the request for a continuance, but the state court persisted in the ruling. On the eve of the hearing, Sherfam submitted a notice of removal (Doc. 1, the September 5, 2017 notice) and attempted to invoke diversity jurisdiction. Katzman moves (Doc. 9) to remand the dispute, and Sherfam opposes (Doc. 10) remand.

## DISCUSSION

The parties dispute the extent and effect of removal. Sherfam argues that the notice removed only the supplemental proceeding; Katzman responds that Sherfam

removed the entire action (that is, both the breach-of-contract claim between Katzman and Comprehensive Care and the supplemental proceeding between Katzman, Comprehensive Care, and Sherfam).  If Sherfam removed the entire action, the removal violates the "forum-defendant" prohibition in 28 U.S.C. § 1441(2), the requirement in 28 U.S.C. § 1446(2)(A) that "all defendants who have been properly joined and served" consent to removal,[2] and the one-year limitation in 28 U.S.C. § 1446(c)(1).  Improper for other reasons, the removal of only the supplemental proceeding requires examining the purpose and form of a supplemental proceeding.

**I. Chancing the chancery court**

Before the 1919 enactment of Florida's supplemental-proceeding statute, a judgment creditor navigated a cumbersome process to collect a judgment.  After entry of the judgment, the clerk issued a writ of execution, which the judgment creditor delivered to the sheriff.  If the sheriff's investigation revealed assets insufficient to satisfy the judgment, the sheriff returned the writ of execution unsatisfied ("nulla bona").

The decisions illustrate that the judgment debtor often mischievously transferred assets to elude the sheriff's grasp.  Immediately before the entry of judgment, the debtor might "sell" his property to a colluding relative who paid a conspiratorially low price.  Because the judgment debtor formerly held title to the

---

[2] The state-court record shows that Katzman served Comprehensive Care in 2012. No party presently disputes the sufficiency of service.

property, Florida's fraudulent-transfer law permitted the judgment creditor to attempt to void the fraudulent transfer. *Barrow v. Bailey*, 5 Fla. 9 (Fla. 1853). But the judgment creditor could void the fraudulent transfer only if he knew about the fraudulent transfer.

In other instances the judgment debtor might store money in a bank account. Recognizing that the judgment creditor could garnish the account and that the sheriff could levy on property bought with the money, the judgment debtor, for example, might purchase property but direct the seller to convey title to another person (again, often a colluding relative or someone privy to the scheme). Because the judgment debtor never held legal title to the property, a fraudulent-conveyance action "at law" could not aid the judgment debtor.

Unlike a court of law, a chancery court afforded relief: The judgment creditor could sue in chancery court for a "creditor's bill," which requested a declaration that the judgment debtor held "equitable title" to the property bought with the judgment debtor's money but titled in the third party's name. *Neubert v. Massman*, 19 So. 625 (Fla. 1896); *Logan v. Logan*, 22 Fla. 561 (Fla. 1886). If the judgment debtor successfully concealed the transaction, no suspicion attended the sudden disbursement of the debtor's money. Even if a vigilant creditor somehow learned about a dubious transaction, equity rarely afforded relief. Confusion about the distinction between legal and equitable remedies and about chancery procedure often resulted in the judgment creditor's recovering nothing after costly and

prolonged litigation in the chancery court. *E.g.*, *George E. Sebring Co. v. O'Rourke*, 101 Fla. 885 (Fla. 1931); *Hewitt v. Punta Gorda State Bank*, 108 Fla. 39 (Fla. 1933).

## II. The supplemental proceeding

Obviating the need for a separate action to collect on the judgment, the supplemental proceeding provides a "speedy and direct proceeding in the same court in which the judgment was recovered." *Richard v. McNair*, 121 Fla. 733, 743 (Fla. 1935). In the proceeding, the judgment creditor deposes the judgment debtor to "secur[e] information that would lead to the satisfaction, in whole or in part, of any [writ of] execution." *Reese v. Baker*, 98 Fla. 52, 55 (Fla. 1929); *accord Young v. McKenzie*, 46 So. 2d 184, 185 (Fla. 1950) ("[T]he purpose of the statutes, titled 'Proceedings supplementary,' is to aid the holder of a 'valid and outstanding' execution to ferret out what assets the judgment debtor may have or what property of his others may be holding for him."). If discovery reveals a hidden asset, Section 56.29 empowers the court that issued the judgment to "order any property of the judgment debtor, not exempt from execution . . . to be levied upon and applied toward the satisfaction of the judgment debt."

Because a supplemental proceeding "is a continuation of the same proceeding" that yielded the judgment, a supplemental proceeding necessarily occurs in the court that issued the judgment. *See, e.g.*, *Schwartz v. Capital City First Nat. Bank*, 365 So. 2d 181 (Fla. 1st DCA 1978) ("Under the [] statute, the court (obviously the original court) requires the defendant in execution to appear [b]efore it."); *Virginia-Carolina*

*Chem. Corp. v. Smith*, 121 Fla. 720, 729 (Fla. 1935) ("It was the evident intent and purpose of the Legislature in enacting [the supplemental-proceeding statute] to empower the circuit court to follow through with the enforcement of its judgment, so that there would be no necessity for an independent suit to reach property which should be applied to the satisfaction of the judgment.").

**III. A "civil action" within the district court's "original jurisdiction"**

28 U.S.C. § 1441 provides in relevant part that:

> [A]ny *civil action* brought in a State court *of which the district courts of the United States have original jurisdiction*, may be removed by the defendant or the defendants . . .

(emphasis added). If the federal court lacks "original jurisdiction," that is, if the plaintiff cannot begin the same action in federal court, the defendant cannot remove the action to federal court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

Although federal law determines whether a defendant can remove an action, *Harrison v. St. Louis & S.F.R. Co.*, 232 U.S. 318 (1914), state law informs the determination. *Butler v. Polk*, 592 F.2d 1293, 1296 n.7 (5th Cir. 1979) ("[T]o totally ignore the structure of state procedural law would reflect an overly-procrustean view."); *Barrow v. Hunton*, 99 U.S. 80 (1878). Under Florida law, a supplemental proceeding under Section 56.29 amounts to nothing more than a summary equitable procedure through which a successful plaintiff can discover the judgment debtor's

assets and levy on those assets without resort to a second litigation in a different forum.  *See, e.g.*, *Buckley v. Pappas*, 2 So. 3d 376, 378 (Fla. 4th DCA 2008) ("Proceedings supplementary are post-judgment proceedings that permit a creditor to effectuate a judgment lien already existing; they are not independent causes of action.") (quoting *Zureikat v. Shaibani*, 944 So. 2d 1019, 1022 (Fla. 5th DCA 2006)); *Richard*, 121 Fla. at 743; *Virginia-Carolina Chem. Corp.*, 121 Fla. at 729.

A supplemental proceeding bears little resemblance to a "civil action" that a state-court plaintiff can commence in federal court.  *Office Building, LLC v. CastleRock Sec., Inc.*, 2011 WL 1674963 (S.D. Fla. May 3, 2011) (Lenard, J.).  The supplemental proceeding countenances no complaint,[3] no claim,[4] no counterclaim,[5] no opportunity to transfer venue,[6] and no judgment.[7]  In sum, both the purpose and the form of a supplemental proceeding reveal that a supplemental proceeding to collect a

---

[3] Under Rule 3, Federal Rules of Civil Procedure, a complaint begins a civil action. Under Section 56.29, a motion begins a supplemental proceeding.

[4] Rule 8(a)(2) requires that the complaint contain a "short and plain statement of the claim." In contrast, Section 56.29(2) requires only that the motion identify the judgment debtor's property.

[5] *Mystique, Inc. v. 138 Intern., Inc.*, 2010 WL 3008809 (S.D. Fla. July 28, 2010).

[6] *See, e.g.*, *Schwartz*, 365 So. 2d at 181 (collecting decisions).

[7] Even if the judgment creditor impleads a third party in the supplemental proceeding, the court issues no judgment against the third party. Rather than establish the third party's "new liability," the supplemental proceeding determines whether the third party possesses property that belongs to the judgment debtor. *Estate of Jackson v. Ventas Realty, Ltd. P'ship*, 812 F.Supp.2d 1306, 1310–13 (M.D. Fla. 2011). If discovery uncovers property owned by the judgment debtor but held by a third party, the court orders the sheriff to levy on the property unless the third party surrenders the property to the judgment creditor.

state-court judgment fails to qualify as a "civil action" that the state-court plaintiff can initiate in federal court.[8]

The applicable precedent confirms the impropriety of removal in this circumstance. In *First National Bank v. Turnbull & Co.*, 83 U.S. 190 (1872), which involves facts strikingly similar to this dispute, First National Bank won a judgment in state court. The sheriff attempted to levy on the judgment debtor's property, but Turnbull intervened in the state-court action and claimed an interest superior to the judgment debtor's. Before the state court resolved the ownership dispute, Turnbull removed the dispute to federal court and attempted to invoke diversity jurisdiction. Like this dispute, the proceeding in *Turnbull* "was necessarily instituted in the court where the judgment was rendered." 83 U.S. at 195. Holding that Turnbull could not properly remove the post-judgment dispute, *Turnbull* explains that the dispute "was merely auxiliary to the original action, a graft upon it, and not an independent and separate litigation" susceptible to removal. 83 U.S. at 195. The reasoning of *Turnbull* continues to govern the removal of a supplemental proceeding:

> Recent cases in which parties attempt to remove state supplementary proceedings are scarce, but the federal bar to entertaining 'satellite elements' of pending state suits and judgments remains intact as the 'sensible' judicial rule.

---

[8] In accord with Rule 69(a), many federal decisions apply Section 56.29, but the plaintiff in each of those actions won a judgment in federal court. *E.g.*, *Glausier v. A+ Nursetemps, Inc.*, 2015 WL 2020332 (M.D. Fla. May 1, 2015).

- 8 -

*Armistead v. C & M Transport, Inc.*, 49 F.3d 43, 46 (1st Cir. 1995) (Selya, J.) (citing Wright & Miller, *Federal Practice & Procedure*, Vol. 14A § 3721 (1994), and *Moore's Federal Practice*, Vol. 1A §0.157 (1994)).

Section 1446©, which prohibits removing a diversity action more than a year after the action "commence[d]" in state court, supports the conclusion that a party may not a remove a supplemental proceeding years after the beginning of the state-court litigation.[9] The one-year limitation respects a state court's investment of time, prevents the unnecessary duplication of effort by a federal court, and reduces the likelihood of conflicting decisions in the same dispute. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982) (Posner, J.) (explaining that a limitation on removal "prevent[s] the delay and waste of resources involved in starting a case over in a second court after significant proceedings" in state court). To the extent any doubt remains about the propriety of removal,[10] the Eleventh Circuit instructs that the "removal statute [be] construed narrowly" and that

---

[9] The removal of a supplemental proceeding under Section 56.29 raises several unwieldy questions. For example, has the party removed the entire action or just the supplemental proceeding? Who constitutes a "defendant"? Does Section 1332 require diversity between the dueling creditors, between the parties to the original action, or both? Who must consent to the removal — all of the judgment debtors (if the original action involves more than one defendant), all of the creditors that claim an interest in the judgment debtor's property, or all the participants? Does the informal "notice to appear" amount to service under Section 1442(b)(2)(A)? If a party impleaded into the supplemental proceeding moves to vacate the state-court judgment, must the federal court decide the motion? What if the impleaded party challenges the state-court judgment while a state-court appeal pends in the original action? If the supplemental proceeding impleaded several parties, does one party's notice remove only the supplemental proceeding against that party? Fortunately, this order need not resolve these (and other) questions because a party may not remove a supplemental proceeding in this circumstance.

[10] *Turnbull* observes that the impropriety of removing a post-judgment dispute between dueling creditors "is, we think, too clear to require discussion." 83 U.S. at 195.

"uncertain[y] [be] resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

**IV.** ***Jackson-Platts***

**A. The litigation**

Sherfam's argument against remand cites dicta in *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127 (11th Cir. 2013), which involves a district court's erroneous abstention under *Colorado River*. In *Jackson-Platts*, the Estate of Juanita Jackson won a default judgment in state court for $110 million. After the defendants failed to satisfy the judgment, the Estate began in state court a supplemental proceeding under Section 56.29(6), which allows voiding a fraudulent transfer, and impleaded two parties (Rubin Schron and General Electric Capital) to whom the judgment debtors allegedly transferred assets. General Electric and Schron removed the dispute.

Moving to remand, the Estate argued that a supplemental proceeding to collect a state-court judgment is not a "civil action" within the district court's "original jurisdiction." Concluding that a supplemental proceeding is a "civil action," the magistrate judge recommended denying the motion but failed to address the argument that a district court's "original jurisdiction" excludes a supplemental proceeding to collect a state-court judgment. The Estate timely objected to the report and recommendation; without addressing the objection, the district judge adopted the magistrate judge's report and recommendation and denied remand.

After the district court denied remand, the Estate impleaded in state court fourteen other parties, and eleven of the impleaded parties submitted a notice of removal. *Estate of Jackson v. Ventas Realty, Ltd. P'ship*, 812 F.Supp.2d 1307 (M.D. Fla. 2011). Holding that a supplemental proceeding to collect a state-court judgment fails to qualify as a civil action within the district court's original jurisdiction, *Ventas Realty* remands the dispute. After *Ventas Realty*, the Estate moved in *Jackson-Platts* for reconsideration and asked the district court to remand in accord with *Ventas Realty*. Failing to follow the reasoning of *Ventas Realty*, the district court abstained under *Colorado River* and remanded the dispute. Again, the district court cited *Colorado River* as the authority for remand, and General Electric appealed the district court's *Colorado River* abstention and consequent remand. *Jackson-Platts*, which omits mention of the "original jurisdiction" requirement in Section 1441, holds only that the district court abused its discretion in abstaining and remanding under *Colorado River*; the rest of *Jackson-Platts* is dicta. Stated differently, *Jackson-Platts* never resolved, never evaluated, and never mentioned the controlling question inescapably lodged in the requirement of "original jurisdiction": Can a state-court judgment creditor directly file a motion and an affidavit in the district court to invoke the remedies of Section 56.29? If not (and, in fact, the answer is "no"), the district court lacks "original jurisdiction," and the supplemental proceeding is not removable.

**B. An aside**

In addition to neglecting the "original jurisdiction" requirement, *Jackson-Platts* overlooks the elemental misconception that suffuses the Estate's "supplemental proceeding." As explained above, Section 56.29 provides a summary equitable procedure through which a plaintiff can identify and recover the judgment debtor's assets. The Estate attempted to initiate a "civil action" through a motion for a supplemental proceeding — that is, the Estate mischievously injected into a supplemental proceeding a "new claim" against a "new party" based on a "new theory." *Jackson-Platts* tortuously compares the Estate's "supplemental proceeding" to a "civil action" but misses the inescapable consequence of the comparison: Because the Estate in *Jackson-Platts* asserted "new claims" against a "new party" based on a "new theory," adherence to the distinction between a "civil action" and a "supplemental proceeding" required in *Jackson-Platts* the dismissal of the Estate's purported "supplemental proceeding" and the directive that the Estate assert the "new claims" in a complaint — the only paper that can commence a civil action.

## CONCLUSION

After litigating in state court for five years, Katzman won a judgment against Comprehensive Care, which purportedly refused to satisfy the judgment. Katzman initiated a supplemental proceeding in state court to satisfy the state-court judgment. After intervening in state court to claim priority over Comprehensive Care's assets, Sherfam removed some dispute (either the entire action or the supplemental

proceeding). If Sherfam removed the entire action, the removal violates the forum-defendant rule, the one-year limitation, and the requirement that Comprehensive Care consent to the removal.

If Sherfam removed only the supplemental proceeding, Section 1441 excludes removal in this circumstance. As the Supreme Court explained a century ago in *Turnbull*, a post-judgment dispute among dueling creditors about the disposition of the judgment debtor's property amounts to nothing more than an "auxiliary" dispute not susceptible to removal.

Additionally, a supplemental proceeding under Section 56.29 must begin in the court that entered judgment. The Circuit Court for Hillsborough County entered judgment; Katzman could begin the supplemental proceeding only in the Circuit Court for Hillsborough County. Because Katzman could not begin in federal court a supplemental proceeding to enforce the state-court judgment, Section 1441 precludes removal. The motion (Doc. 9) to remand is **GRANTED**. The clerk is directed to **REMAND** the dispute to the Circuit Court for Hillsborough County and to close this case. Improper but not unreasonable, the removal warrants no attorney's fee. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

ORDERED in Tampa, Florida, on November 1, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE